AO 106 (Rev. 04/10) Application for a Search Warrant        AUTHORIZED AND APPROVED/DATE: s/Nick Coffey 9/12/2023

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of

IN THE MATTER OF THE SEARCH OF A WHITE SAMSUNG GALAXY NOTE 20 ULTRA 5G CELLULAR PHONE, IMEI 352712280753311, CURRENTLY LOCATED AT FBI OKLAHOMA CITY, 3301 W. MEMORIAL ROAD, OKLAHOMA CITY, OKLAHOMA

)
)
)
)
)
)
)

Case No. M-23-*802*-SM

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property (identify the person or describe the property to be searched and give its location):

See Attachment "A"

located in the ____Western____ District of ____Oklahoma____ , there is now concealed (identify the person or describe the property to be seized):

See Attachment "B"   which is incorporated by reference herein.

The basis for the search under Fed. R. Crim. P. 41(c) is (check one or more):

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Drug Conspiracy |
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute and to Distribute Controlled Substances |

The application is based on these facts:

See attached Affidavit of Special Agent, Hanna Ortego, FBI, which is incorporated by reference herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Hanna Ortego, Special Agent, FBI
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: Sept. 12, 2023

City and state: Oklahoma City, Oklahoma

_____
*Judge's signature*

SUZANNE MITCHELL, U.S. MAGISTRATE JUDGE
_____
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| IN THE MATTER OF THE SEARCH OF A WHITE SAMSUNG GALAXY NOTE 20 ULTRA 5G CELLULAR PHONE, IMEI 352712280753311, CURRENTLY LOCATED AT FBI OKLAHOMA CITY, 3301 W. MEMORIAL ROAD, OKLAHOMA CITY, OKLAHOMA | Case No. M-23-802-SM |
|---|---|

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Hanna Ortego, Special Agent with the Federal Bureau of Investigation (FBI), having been duly sworn, depose and state as follows:

1.   I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device identified below and in **Attachment A,** which is currently in law enforcement possession—and the extraction from that property of electronically stored information described in **Attachment B,** which constitute evidence, instrumentalities, and fruit of violations of 21 U.S.C. §§ 841(a)(1) and 846.

2.   I am a federal law enforcement officer within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

3.    I have been a Special Agent with the Federal Bureau of Investigation (FBI) (the "Investigating Agency") since June 5, 2022. Prior to this appointment, I was assigned to the FBI New Orleans Field Office, Lafayette Resident Agency, as a Safe Streets Task Force Officer from June 2019 until my appointment as an FBI Special Agent, where I investigated drug trafficking, including federal violations of distribution of controlled substances and conspiracy to do the same. While an FBI Task Force Officer in New Orleans, I was employed by the Lafayette Parish Sheriff's Office beginning in February of 2014. Prior to this, I was an officer for the University of Louisiana at Lafayette's Police Department for two years. In total, I have spent approximately seven years investigating drug crimes. Through my previously described experience, I have become familiar with the modus operandi of drug trafficking and the techniques used to investigate the same, including the use of undercover agents, cooperating source(s), toll and pen register analysis. search and seizure warrants, grand jury investigations, and the interception of wire and electronic communications.

4.    I am submitting this Affidavit in support of a search warrant authorizing a search of **a white Samsung Galaxy Note 20 Ultra 5G cellular phone, IMEI: 352712280753311** (hereinafter, the **SUBJECT PHONE**), as further described in **Attachment A**, which is incorporated into this Affidavit by reference. The FBI in Oklahoma City has custody of the **SUBJECT**

**PHONE** in Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **SUBJECT PHONE** for the purpose of identifying electronically stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of 21 U.S.C. §§ 841(a)(1), 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B**.

5.    Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have been committed by HECTOR QUINONEZ REYES (REYES). There is also probable cause to search the property described in **Attachment A** for instrumentalities, evidence, and fruits of these crimes, as described in **Attachment B**.

6.    Since this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## BACKGROUND OF INVESTIGATION

7.     On September 6, 2023, officers with Oklahoma City Police Department (OCPD) conducted a traffic stop of a vehicle in the area of SW Grand Blvd. and S McKinley St., Oklahoma City, Oklahoma, after they observed the driver commit several traffic violations, including straddling the lanes lines and a driving with a defective brake light. Law enforcement approached the vehicle and found that REYES was the sole occupant. During the traffic stop, REYES produced three different forms of identification—none of which was a valid driver's license. One of the forms of identification provided was a Chihuahua, Mexico, identification card in the name of Alfredo Reyes. The other two forms of identification provided were a Mexico voter's card and an expired Oklahoma driver's license. Both of these forms of identification were in the name of REYES's name. Additionally, REYES acknowledged there was no insurance on the vehicle he was driving. OCPD then placed REYES under arrest and called a tow truck to move his vehicle off the public roadway. Prior to the arrival of the tow truck, the OCPD officers conducted an inventory of the vehicle's contents and discovered two large cardboard boxes: one on the backseat of the vehicle behind the driver's seat and the other on the front passenger seat. Inside the cardboard boxes, OCPD officers found a total of approximately 92 Ziploc baggies, each weighing approximately one kilogram, filled with a clear, crystal-like substance, which they recognized as methamphetamine based on their training

and experience. OCPD turned the drugs over to the custody of the FBI, who conducted a field test on one of the Ziploc baggies, which returned a positive for methamphetamine.

8.    REYES's truck was impounded per OCPD protocols. REYES's cell phone (the **SUBJECT PHONE**) was seized as evidence and is currently in the custody of the FBI at its Oklahoma City field office.  REYES is currently in Marshal custody based off a federal criminal complaint filed on September 7, 2023, in the Western District of Oklahoma.

9.    Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics.  Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

10.    Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones.

11. Based on my training and experience, I know that electronic devices like the **SUBJECT PHONE** can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered with forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

12. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

13. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **SUBJECT PHONE** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might expose many parts of the

**SUBJECT PHONE** to human inspection in order to determine whether it is evidence described by the warrant.

14.   Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

HANNA ORTEGO
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN to before me this 12th day of September, 2023.

SUZANNE MITCHELL
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is a white Samsung Galaxy Note 20 Ultra 5G cellular phone, IMEI: 352712280753311, hereinafter the "Subject Phone." The Subject Phone is currently located at FBI Oklahoma City, 3301 W. Memorial Road, Oklahoma City, Oklahoma. A photo of the Subject Phone is below:



This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government,

attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## ATTACHMENT B

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of the crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely a violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846:

1.    All records on the Subject Phone described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 involving Hector Quinonez Reyes (REYES), including:

   a.    lists of customers and related identifying information;

   b.    lists of co-conspirators and related identifying information;

   c.    records of communications with customers or co-conspirators, whether such communication be a telephone call, text message (e.g., SMS or MMS), instant message, or communication through an application stored on the phone;

   d.    records detailing the types, amounts, or prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

   e.    any information related to the sources of drugs, including names, addresses, phone numbers, or any other identifying information);

f.    any audio recordings, pictures, video recordings, or still-captured images on the Subject Phone related to the purchase, sale, transportation, or distribution of controlled substances or the collection, transfer or laundering of drug proceeds;

g.    all bank records, checks, credit card bills, account information, and other financial records; and

h.    any location data related to the acquisition or distribution of controlled substances.

2.    Evidence of user attribution showing who used or owned the Subject Phone described in Attachment A at the time the things described in this warrant were created, edited, or deleted, including:

a.    logs, phonebooks, saved usernames and passwords, documents, and browsing history;

b.    text messages, multimedia messages, email, email messages, chats, instant messaging logs, and other correspondence;

c.    photographs;

d.    records of Internet Protocol addresses used; and

e.    records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3.    Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.